IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REGIS J. STOHL,

      Plaintiff,

v.                  //   CIVIL ACTION NO. 1:14CV109
                                (Judge Keeley)

EASTERN REGIONAL JAIL, C.O. PAGE,
C.O. VANORSDALE, C.O. ATHEY, C.O.
HOLLOWAY, C.O. WOLFE, C.O. SIMMONS,
C.O. MILLER, C.O. RICE, C.O. SMITH,
SGT. GRONA,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO.
79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT [DKT. NO. 58]**

Pending before the Court is the Report and Recommendation ("R&R") (Dkt. No. 79) of Magistrate Judge James E. Seibert regarding two pending motions to dismiss or for summary judgment filed by the defendants, Eastern Regional Jail, Correctional Officer Page, Correctional Officer Vanorsdale, Correctional Officer Athey, Correctional Officer Holloway, Correctional Officer Wolfe, Correctional Officer Simmons, Correctional Officer Miller, Correctional Officer Rice, Correctional Officer Smith, and Sergeant Grona (Dkt. Nos. 31, 58).

Because the defendants' first motion to dismiss refers to the original complaint filed by the plaintiff, Regis J. Stohl ("Stohl"), which later was superseded by his amended complaint, the Court **DENIES** that motion **AS MOOT** (Dkt. No. 31). See Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

pleading supersedes the original pleading, rendering the original pleading of no effect.").

Furthermore, as explained below, the Court finds that Stohl has failed to exhaust his administrative remedies, and therefore **GRANTS** the defendants' motion to dismiss or for summary judgment (Dkt. No. 58) and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

### BACKGROUND

The defendants have styled their motion in the alternative as one to dismiss or for summary judgment (Dkt. No. 58). Because the Court has considered matters outside the pleadings, it converts the motion to one for summary judgment. Fed. R. Civ. P. 12(d). Moreover, as it must, it views all the evidence "in the light most favorable" to Stohl, the non-moving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). In addition, it adopts Magistrate Judge Seibert's thorough factual summary of the case (Dkt. No. 79 at 2-7, 21-27, 45-47).

On June 13, 2014, Stohl filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia, claiming that the defendants had violated his civil rights (Dkt. No. 1). Because Stohl's allegations stemmed from his incarceration at the Eastern Regional

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

Jail in Martinsburg, West Virginia, the Southern District transferred the case to this District on June 18, 2014 (Dkt. No. 3). On July 16, 2014, Stohl filed his complaint on the court-approved form (Dkt. No. 8).

On September 4, 2014, the defendants moved to dismiss or for summary judgment, alleging that Stohl had failed (1) to exhaust his administrative remedies, and (2) to state a claim upon which relief can be granted (Dkt. No. 31).[1] Following that, on September 29, 2014, Stohl sought leave to amend his complaint (Dkt. No. 40), which the Court granted on September 30, 2014 (Dkt. No. 42). Stohl then filed his amended complaint on October 9, 2014 (Dkt. No. 45).

On November 25, 2014, the defendants again moved to dismiss or for summary judgment, largely reiterating the arguments raised in their first motion (Dkt. No. 58). After a full briefing of the motion, Magistrate Judge Seibert issued an R&R on June 30, 2015 (Dkt. No. 79). The R&R recommended that the Court (1) order Sgt. Grona, C.O. Wolfe, C.O. Miller, and C.O. Simmons to answer Stohl's

---

[1] The defendants also argued that Stohl's complaint should be dismissed due to his failure to give the Regional Jail Authority pre-suit notice, as required by W. Va. Code § 55-17-3 (Dkt. No. 31-1 at 3). The defendants later withdrew this argument, acknowledging that § 55-17-3 only applies to actions filed in state court against state agencies (Dkt. No. 77 at 2).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

Eighth Amendment claims for excessive force and deliberate indifference; (2) dismiss with prejudice the remainder of Stohl's claims; and (3) dismiss without prejudice Stohl's deliberate indifference claim as to the unnamed medical team members at the Eastern Regional Jail. <u>Id.</u> The defendants objected to these findings (Dkt. No. 81).[2]

Following a <u>de novo</u> review of the entirety of the R&R, the Court concludes that the defendants' objections regarding exhaustion have merit. Therefore, as explained below, it rejects the portion of the R&R recommending that defendants Grona, Wolfe, Miller, and Simmons answer the allegations in Stohl's complaint alleging violations of his Eighth Amendment rights.[3]

---

[2] Stohl has not objected to the R&R, most likely because it was returned to sender as "undeliverable" on July 8, 2015 (Dkt. No. 80). The Court, however, has reviewed the entirety of the R&R under a <u>de novo</u> standard. It notes that, although Stohl did not object to the R&R, he had an opportunity to thoroughly address the defendants' exhaustion argument in his response to the <u>Roseboro</u> notice (Dkt. No. 73).

[3] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review <u>de novo</u> only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F.Supp. 825 (E.D. Cal. 1979).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

## STANDARD OF REVIEW

### I.   Pro Se Pleadings

Because Stohl is proceeding pro se, the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  Nevertheless, a pro se complaint is subject to dismissal if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

### II.  Motion for Summary Judgment

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

## LEGAL ANALYSIS

### I.  Eastern Regional Jail

Stohl named the Eastern Regional Jail in Martinsburg, West Virginia, as a defendant in his amended complaint (Dkt. No. 45 at

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

1).  It is well-established, however, that a jail is not a "person," and therefore not a proper defendant subject to suit under 42 U.S.C. § 1983. <u>Preval v. Reno</u>, 203 F.3d 821 (Table) (4th Cir. 2000) (citing <u>Will v. Mich. Dep't. of State Police</u>, 491 U.S. 58, 71 (1989))**.** The Court therefore **ADOPTS** the recommendation in the R&R to **GRANT** the defendants' motion for summary judgment and **DISMISS WITH PREJUDICE** Eastern Regional Jail.

## II.  Failure to Provide Pre-suit Notice

Initially, the defendants asserted that the Court should dismiss Stohl's amended complaint for failure to provide pre-suit notice pursuant to W. Va. Code § 55-17-3 (Dkt. No. 58 at 2).  They now move to withdraw that argument, conceding that "said provision applies only to action against state agencies filed in state court actions." (Dkt. No. 77 at 2).  For good cause, the Court **GRANTS** the defendants' motion to withdraw this argument.

## III. Exhaustion of Administrative Remedies

The crux of the defendants' objections is their contention that the Court should dismiss Stohl's amended complaint because he failed to exhaust his administrative remedies prior to filing suit (Dkt. No. 58-1 at 4).  They assert that Stohl never filed Level 1 or 2 grievances, both of which are pre-requisites to filing suit

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

under W. Va. Code § 25-1A-2 and 42 U.S.C. § 1997e(a). <u>Id.</u> at 6. In his response to the motion, Stohl never directly rebutted this argument, but rather alleged that he had been badly injured as a consequence of the incident (Dkt. No. 72 at 1).

The R&R concluded that Stohl need not have exhausted his administrative remedies inasmuch as, pursuant to W. Va. Code § 25-1A-2(c), his allegations of assault by correctional officers and another inmate excused any failure to exhaust (Dkt. No. 79 at 16). The defendants disagree with this conclusion. In their objections, they point out that, under applicable federal law, Stohl was required but failed to properly exhaust his administrative remedies (Dkt. No. 81 at 2).

## A.    The PLRA

Pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("PLRA"), a prisoner "confined in any jail, prison, or other correctional facility" must first exhaust his administrative remedies before suing under § 1983 "with respect to prison conditions." <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory."). Failure to exhaust is an affirmative defense under the PLRA; inmates are not required to demonstrate exhaustion in the

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

complaint. <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). Prisoners must "properly exhaust" their claims before filing suit, thereby giving the prison grievance system "a fair opportunity to consider the grievance." <u>Woodford v. Ngo</u>, 548 U.S. 81, 94-95 (2006).

Nevertheless, an administrative remedy is not "available" within the meaning of the PLRA if an inmate "through no fault of his own, was prevented from availing himself of it." <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008). A prisoner must utilize "all available remedies 'in accordance with the applicable procedural rules'" in order to be entitled to bring suit in federal court. <u>Id.</u> (citing <u>Woodford</u>, 548 U.S. at 88).

Exhaustion is mandatory in the Fourth Circuit, "even where the inmate claims that exhaustion would be futile." <u>Reynolds v. Doe</u>, 431 F. App'x. 221, 222 (4th Cir. 2011) (per curiam). This Court therefore does not possess the authority to allow the plaintiff's case to proceed, rather than to dismiss it for failure to exhaust. <u>Hinton v. Jenkins</u>, No. 5:13CV74, 2013 WL 6583990, at *2 (N.D.W. Va. Dec. 16, 2013) (Stamp, J.); <u>see also</u> <u>Bowman v. Haynes</u>, 282 F. Supp. 2d 488, 490 (N.D.W. Va. June 25, 2003) (Maxwell, J.) (granting the defendants' motion for summary judgment when the plaintiff failed to offer evidence that he had pursued his complaint through all

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

steps of the West Virginia Department of Corrections' grievance process).

If a prisoner's complaint contains a mix of exhausted and unexhausted claims, the Court may not consider the unexhausted claims. Jones, 549 U.S. at 220-21 ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."); see Bennette, 517 F.3d at 729 (affirming the district court's dismissal of a prisoner's unexhausted claim when the prisoner filed a grievance as to some medical conditions, but not others).

**B.    Applicability of W. Va. Code § 25-1A-2(c)**

As noted, Magistrate Judge Seibert concluded that, under W. Va. Code § 25-1A-2(c), because of the nature of the claims alleged, Stohl was not required to exhaust his administrative remedies before filing suit (Dkt. No. 79 at 16-17).  Under the West Virginia Prison Litigation Reform Act ("WVPLRA"), an inmate "may not bring a civil action until the administrative remedies promulgated by the facility have been exhausted."  W. Va. Code § 25-1A-2(a).  Under the version in effect at the time of Stohl's alleged assault, however, inmates were not prohibited from bringing civil or

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

criminal actions alleging past, current, or imminent physical or sexual abuse.[4]  W. Va. Code § 25-1A-2(c).

Under the federal PLRA, however, inmates in West Virginia prisons bringing claims in federal court "must exhaust the state administrative procedures, despite the state law exception." Ferrell v. Miller, No. 5:10CV1293, 2014 WL 131067, at *3 (S.D.W. Va. Jan. 10, 2014) (Berger, J.) (emphasis added).  Although the PLRA does defer to state law when examining how a prisoner exhausts his remedies, this deference does not extend to determining whether a prisoner has exhausted his remedies.  Short v. Greene, 577 F. Supp. 2d 790, 792-93, n.4 (S.D.W. Va. 2008) (Copenhaver, J.)(analyzing the intersection of W. Va. Code § 25-1A-2(c) and the PLRA, and holding that an inmate is not exempt from the exhaustion requirements when alleging claims of physical assault). "[A]lthough plaintiff may not have been required to exhaust administrative remedies pursuant to state procedure, the exhaustion of available remedies may have resulted in some responsive action and is required under the PLRA." Short v. Walls, No. 2:07-0531,

---

[4] This version of § 25-1A-2 was effective until July 11, 2013. Stohl alleged that the events in his complaint occurred on January 20, 2013, and several days thereafter (Dkt. No. 45-1 at 1, 4-5).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

2010 WL 839430, at *4 (S.D.W. Va. Mar. 5, 2010) Copenhaver, J.), *aff'd* 412 F. App'x. 565 (4th Cir. 2011).

The law in this district, although somewhat unclear, see Triplett v. Rubenstein, No. 3:13CV135, 2014 WL 5810701, at *9 (N.D.W. Va. Nov. 7, 2014) (Groh, J.), is not to the contrary. See Wade v. Spencer, No. 2:12CV86, 2014 WL 51235, at *3 (N.D.W. Va. Jan. 7, 2014) (Bailey, J.) (holding the plaintiff subject to the exhaustion requirements of the PLRA, notwithstanding W. Va. Code § 25-1A-2(c)). The Court thus concludes that Stohl is subject to the exhaustion requirements of the PLRA, and turns next to determine whether he has met those requirements.

### C. Exhaustion of Available Remedies

Stohl's amended complaint alleges that he wrote "multiple grievances that were unanswered and sent a letter to West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA")" (Dkt. No. 45 at 6). Alternatively, he claims he received no response because his grievances were "discarded by [s]taff." Id. at 5.

The WVRJCFA has established a five-step process for handling inmate grievances:

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

1. Jail personnel provide the inmate with an inmate grievance form;

2. The inmate completes the form and places it in a sealed envelope, which is addressed to the facility administrator. Jail personnel transmit the form to the administrator's office, without reading it, within a reasonable time, not later than the end of the shift;

3. The administrator reviews the grievance and may reject it if it appears on its face to have been filed in bad faith;

4. If the administrator does not reject the grievance pursuant to Paragraph 3, he may provide the inmate with an opportunity to be heard before making a decision on the grievance. The administrator may assign a staff member to investigate the complaint and report written findings within forty-eight (48) hours after informing the inmate of such action;

5. The administrator must provide a written decision to the grieving inmate within two days after receiving the investigation report. The written decision must include a statement of the action taken, the reasons for such action, and procedures for appeal.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

(Dkt. No. 79 at 12-13; Dkt. No. 31-3 at 3-4). A grieving inmate wishing to appeal the administrator's decision must file an appeal to the Chief of Operations, Regional Jail Authority, within five days after receiving the decision, and must include a copy of the initial complaint and the Administrator's decision. <u>Id.</u>

Captain D.E. Bittinger maintains inmate incident reports and grievances at the Eastern Regional Jail (Dkt. No. 31-2 at 1). In his affidavit, filed as an exhibit to the defendants' motion to dismiss, he avers that jail personnel provide inmates with grievance forms, which inmates can either (1) place in locked mailboxes in each pod or (2) hand to an officer working in the area. <u>Id.</u> An office assistant empties the locked mailboxes each day, sorts the grievances, and delivers them to the appropriate person. <u>Id.</u> Captain Bittinger logs each grievance, and assigns it a number for tracking. <u>Id.</u>

During a review of the inmate grievance forms submitted by Stohl during the relevant time period, Captain Bittinger located no grievances related to the January 20, 2013, cell extraction, medical care, or the lack thereof. <u>Id.</u> He did identify seven inmate requests and one inmate grievance submitted by Stohl during

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

the relevant time period, all unrelated to the incidents alleged in the instant case (Dkt. No. 31-4 at 1-8). These filings include:

1.  A November 23, 2012, inmate request to intake asking where he would be sent after lockdown, and requesting a specific cell if he were assigned to A-Pod. Id. at 2;

2.  A November 30, 2012, inmate request seeking his account balance. Id. at 1;

3.  A December 17, 2012, inmate request seeking the amount he owed from past booking. Id. at 3;

4.  On February 8, 2012, several days after the incident alleged in Stohl's complaint, he filed an inmate request asking if his second thirty-day period in lockdown could be run concurrently with his first thirty-day period. Id. at 4;

5.  A February 18, 2012, inmate request seeking to be released from lockdown twenty days early. Id. at 5;

6.  An August 7, 2013, inmate request seeking custody of his son. Id. at 6;

7.  On the same day, an inmate request asking if his family could drop off clothes for court. Id. at 7; and,

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

8.  On November 26, 2013, his only inmate grievance during the relevant time period, seeking to be transferred from one cell to another.[5] Id. at 8.

Stohl did write to the WVRJCFA on February 4, 2013, addressing the January 2013 cell extraction that is the subject of the instant suit (Dkt. No. 58-4 at 1). While that writing largely reiterates the allegations in his complaint and requests that the jail authority take immediate action, id. at 2, it undisputedly was not properly filed within the dictates of the WVRJCFA's established grievance procedure. On September 25, 2013, Missy Hicks, an Internal Affairs Investigator at the WVRJCFA, responded to Stohl's letter, noting that "issues were identified in regards to" Stohl's claims of being assaulted by the riot squad and refusal of medical care (Dkt. No. 45-1 at 7).

Magistrate Judge Seibert determined that the grievance procedure at the Eastern Regional Jail may not have been "available" to an inmate like Stohl, who was confined to his cell on lockdown (Dkt. No. 79 at 17). "If a grievance never makes it into the locked mailbox to begin with, then defendants' assurances

_____

[5] Although Stohl's "requests" were not on the "grievance" form, the substantive nature of some of the requests are better viewed as grievances.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

regarding office staff, not correctional officers, being the ones to empty the locked mailbox are irrelevant.  It is conceivable that an inmate could avail himself of the one-hour period allotted for hygiene that the [jail] affords to inmate in lockdown, to deposit his own grievance in the box, but it is also entirely possible that an inmate who believes he has already successfully filed a grievance by handing it to staff to deposit would logically assume that his grievance had been filed."  Id.

The Court is obligated to ensure that an inmate's defects in exhaustion are not due to the actions or inactions of prison officials.  Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).  Likewise, it is obligated to read the PLRA in conformity with Supreme Court precedent.  Porter, 534 U.S. at 528.  To that end, the Supreme Court has held that the "dominant concern" of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court."  Id.

A careful review of the record in the instant case, including the requests and grievance filed by Stohl during the relevant time period, leads to the conclusion that Stohl not only knew how to file an appropriate inmate grievance, but also had done so

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

previously; nevertheless he failed to follow the proper grievance process at the Eastern Regional Jail by not filing an appropriate grievance regarding either the January, 2013 cell extraction, or the February, 2013 assault.  The seven inmate requests, one inmate grievance, and letter to the WVRJCFA Stohl filed during that same time period establish beyond peradventure that he (1) knew how to properly use the grievance procedure; (2) had successfully used it in the past; (3) failed to use it regarding the January and February, 2013, incidents; (4) later wrote a letter to the WVRJCFA complaining about those incidents; and, (5) filed suit in federal court without having exhausted the grievance process.  In this Court's view, Stohl's failure to utilize the applicable grievance process is exactly the type of concern that led Congress to enact an exhaustion provision in the PLRA.  See Porter, 534 U.S. at 525.

The evidence of record, moreover, establishes that the grievance process at the Eastern Regional Jail was "available" within the meaning of the PLRA.  See Moore, 517 F.3d at 725. Stohl's conclusory allegation that unnamed prison staff "discarded" his grievances not only is unsupported by any of the evidence in the record, it is belied by Stohl's successful filing of eight other requests or grievances using the appropriate procedure during

18

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

the same time period.  See Salazar v. Holder, No. 3:14CV23, 2015 WL 574800, at *5 (N.D.W. Va. Feb. 11, 2015) (Groh, J.) (overruling the plaintiff's objections that grievance procedures were "unavailable" when such objections were "limited to naked assertions without any specificity or evidentiary support"); Canada v. Ray, No. 7:06CV190, 2006 WL 2709637, at *4 (W.D. Va. Sept. 20, 2006) ("Although defendants bear the initial burden of proving failure to exhaust, once a threshold showing is made, the plaintiff must come forward with something more than merely a conclusory allegation of exhaustion.").

Allowing Stohl to circumvent the exhaustion requirement in the PLRA under the circumstances presented here would create an exception that would swallow the rule.  Nor do the cases cited in the R&R require a contrary holding; indeed, there is no evidence, or even a reasonable inference, that Stohl was prevented from filing a grievance.  See, e.g., Moore, 517 F.3d at 725 (holding that remedies are not "available" under the PLRA if prison officials prevent an inmate from availing themselves of the remedies); Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (holding that the affirmative defense of exhaustion is subject to estoppel, and remanding the case to the district court to decide

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 79], AND GRANTING THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

whether estoppel applied); <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (reversing the district court's decision to dismiss the plaintiff's complaint on exhaustion grounds when prison officials refused to give the inmate grievance forms); <u>Kaba v. Stepp</u>, 458 F.3d 678, 684 (7th Cir. 2006) (noting that remedies are not available when prison officials prevent inmates from using the process); <u>Miller v. Norris</u>, 247 F.3d 736, 738, 740 (8th Cir. 2001) (finding that the inmate properly raised an issue that remedies were "unavailable" when prison officials failed to give him grievance forms).

Dismissal without prejudice in this case is appropriate because it will permit Stohl to air his grievances through use of the appropriate WVRJCFA procedure. <u>Goodwin v. Beasley</u>, No. 1:09CV151, 2011 WL 835937, at *3 (M.D.N.C. Mar. 3, 2011) (rejecting the plaintiff's "conclusory allegations" that prison officials never gave him the proper grievance forms, noting that the plaintiff "has simply not introduced sufficient evidence on summary judgment showing that prison officials took active steps to thwart his right to file grievances. . . ."). Should he later choose to file suit, adjudication would then "be facilitated by an

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 79] AND GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 58]**

administrative record that clarifies the contours of the controversy." <u>Porter</u>, 534 U.S. at 525.

### CONCLUSION

For the reasons discussed, the Court:

1. **ADOPTS IN PART** and **REJECTS IN PART** the R&R (Dkt. No. 79);

2. **DENIES AS MOOT** the defendants' first motion to dismiss (Dkt. No. 31);

3. **GRANTS** the defendants' motion to withdraw their argument that Stohl failed to provide proper pre-suit notice;

4. **GRANTS** the defendants' motion for summary judgment (Dkt. No. 58);

5. **DISMISSES WITH PREJUDICE** as a defendant the Eastern Regional Jail; and,

6. **DISMISSES WITHOUT PREJUDICE** the remaining defendants.

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION
[DKT. NO. 79] AND GRANTING DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT [DKT. NO. 58]**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested. It further **DIRECTS** the Clerk to remove this case from the Court's active docket.

Dated: September 8, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE